UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LAWRENCE DUSEAN ADKINSON (02), )<br>)<br>Defendant. ) | No. 4:15-cr-25-TWP-VTW |

### ENTRY FOLLOWING COMPETENCY HEARING

This matter is before the Court on the Defendant's motion for a hearing regarding the competency of Defendant, Lawrence Dusean Adkinson ("Mr. Adkinson"). On March 20, 2016 Mr. Adkinson filed a Motion for Hearing to Determine Mental Competency and Order Directing Psychiatric Exam (Filing No. 158). On April 7, 2016 the Court ordered an examination pursuant to 18 U.S.C. 4241(b) (Filing No. 165). Forensic Psychologist, Heather H. Ross, Ph.D. performed an evaluation of Mr. Adkinson from April 27 to June 10, 2016, to determine Mr. Adkinson's competency to stand trial. Following her evaluation, Dr. Ross submitted a report to the Court in accordance with 18 U.S.C. § 4247(b) and relevant part of (c). The Court held a hearing on the motion on September 21, 2106, pursuant to 18 U.S.C. 4241(a). Present at the hearing were Defendant Mr. Adkinson, FBI Special Agent Ronald Hornback. Jr., counsel for Mr. Adkinson Khalid Kahloon, counsel for the Government Bradley Shepard, and court reporter David Moxley.

Mr. Adkinson, through counsel, had no objection to the admissibility of the forensic evaluation report and no objection to the conclusions in the report.

In his forensic report, Dr. Ross reported that Mr. Adkinson had factual knowledge of the charges against him. Throughout the evaluation period, Mr. Adkinson displayed an ability to

communicate adequately and cooperate, but appeared to feign a lack of knowledge about general legal terms and feign cognitive impairment on IQ testing. For example, Dr. Ross explained that the results of psychological testing were so low they strongly suggest that Mr. Adkinson intentionally misrepresented himself as impaired. Dr. Ross's diagnostic impression was of Malingering, Cannabis Use Disorder, Alcohol Use Disorder, Psilocybin Disorder, Language Disorder (per self-report), Adjustment Disorder, with anxiety and depressed mood. Dr. Ross opined:

> Although Mr. Adkinson suffers from substance abuse and possible mental health diagnosis, his current functioning abilities are intact in a manner that he may utilize them to aid in his own defense and understand the facts of his case rationally. Whether he may choose to do so is difficult to determine. The information available to the undersigned evaluator, taken as a whole, is suggestive of current malingered incompetence. …[I]t is my opinion, despite his reported difficulties and feigned lack of knowledge, Mr. Adkinson is competent to the extent he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense.

At the hearing, Mr. Adkinson demonstrated a minimal understanding of the roles of typical court participants and with instruction from the court, was able to articulate some understanding of the legal proceedings against him and appeared capable of assisting counsel in his defense.

The Court heard testimony from Special Agent Hornback that the defendant participated in telephone conversations with his mother regarding plea agreement negotiations, terms and conditions of sentencing; as well as conversations with his father concerning the mental competency evaluation, advising Mr. Adkinson that he should "pretend to be the slowest m/f on the planet." Additionally, Special Agent Hornback provided testimony concerning proffer statements which support Mr. Adkinson's appreciation of the charges against him and comprehension of these proceedings.

Based upon the foregoing evidence and testimony, in accordance with 18 U.S.C. § 4241(d), the Court finds that Mr. Adkinson is mentally competent for trial or for pleading guilty. Mr. Adkinson is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. Accordingly, the Court finds by a preponderance of the evidence that Mr. Adkinson is mentally competent to stand trial.

The court notes that a Petition to Enter a Plea of Guilty and Plea Agreement was signed by Mr. Adkinson and filed on September 7, 2016. (Filing No. 208), prior to this Court's determination of competency. Because Mr. Adkinson testified that he did not know what a jury trial was, and appeared to be uncertain of the role of the judge and prosecutor, and demonstrated disorganized thought processes (i.e. he believed it was winter), the Court instructed defendants' counsel to again review and explain the waiver of rights, terms and conditions of the plea agreement. The Court must, in accepting a Fed. R. Crim. P. 11 plea, be satisfied that the defendant has sufficient mental competency to waive certain constitutional rights, to make a reasoned choice among the alternatives presented to him, and to understand the nature and consequences of the guilty plea. If counsel is satisfied that Mr. Adkinson is able to make a knowing and voluntary waiver of certain constitutional rights in entering a guilty plea, the parties may then re-execute and re-file the plea agreement. The re-filed plea agreement should be docketed within 30 days.

For now, the change of plea and sentencing hearing on March 2, 2017 at 3:30 p.m. in New Albany Division remains set.

SO ORDERED.

Date: 9/21/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Khalid Kahloon
KAHLOON LAW OFFICE
kahloon@msn.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov