**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cr-00025-TWP-VTW |
| ) | |
| JEFFREY ANTIONE KEMP (01), ) | |
| LAWRENCE DUSEAN ADKINSON (02), ) | |
| ROOSEVELT BROWN (07), ) | |
| JUSTIN J. MARTIN (10), ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING GOVERNMENT'S MOTION IN *LIMINE***

This matter is before the Court on the Government's Motion in *Limine*. (Filing No. 486.) The Government moves to include four prior convictions sustained by Defendant Jeffrey Kemp ("Kemp"), pursuant to Federal Rule of Evidence 609. The Government argues the convictions are admissible solely for impeachment purposes if Kemp testifies. For the reasons stated below, the Motion is **granted**.

## I.   LEGAL STANDARD

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, an order on a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible (or inadmissible); rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

Federal Rule of Evidence 609 allows the admission of evidence of prior criminal convictions when used to impeach a witness, but different standards apply depending on whether the prior conviction is more or less than ten years old. Rule 609 states that when attacking a witness's truthfulness, "evidence of a criminal conviction . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." F.R.E. 609(a)(1)(B). But:

> [I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later [then the] [e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

F.R.E. 609(b). So, within the ten-year lookback period, the conviction's probative value must outweigh the prejudicial effect. And beyond ten years, the conviction's probative value must *substantially* outweigh the prejudicial effect. A limiting instruction which tells the jury that the prior convictions may only be used in determining the credibility of the defendant reduces the prejudicial effect of admission. *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004).

## II. DISCUSSION

Kemp is charged with the following offenses: (1) Conspiracy to Affect Commerce by Robbery; (2) Conspiracy to Use a Firearm in Furtherance of a Crime of Violence; (3) Robbery; and (4) Brandishing a Firearm in Furtherance of a Crime of Violence. The Government argues it should be allowed to offer evidence of Kemp's prior convictions, for impeachment purposes, subject to Rule 609. Kemp has accumulated the following prior convictions:

On April 22, 2013, Kemp was convicted of felony burglary in Cook County, Illinois and sentenced to six years imprisonment. He was on parole for this conviction at the time the alleged charges in this matter occurred. On December 18, 2006, Kemp was convicted of felony burglary

in Winnebago County, Illinois and sentenced to three years and seven months imprisonment. On October 6, 2006, he was convicted of felony theft in Lake County, Illinois and sentenced to three years imprisonment. On December 17, 2009, Kemp was convicted of felony burglary in Kenosha County, Wisconsin and sentenced to three years imprisonment.

The Government asserts that these four convictions fall within the ten-year lookback period, and that the convictions' probative value outweigh any prejudicial effects of their admission. ([Filing No. 486](#).) For purposes of determining whether a conviction falls within the ten-year time period, "[t]he clock starts at the witness's release from any physical confinement," and "the end date of the time limit for impeaching convictions is the start of the trial at which the witness is testifying." *United States v. Rogers,* 542 F.3d 197, 201 (7th Cir. 2008). Kemp has not filed a Response in opposition to this request in *limine* and does not challenge the contention that all four convictions are within the ten-year period. Having reviewed the Government's submissions, the Court determines that the convictions fall within the ten-year lookback period; therefore, the probative value of the four convictions must outweigh the prejudicial effect.

In weighing the probative value against prejudice, the Court considers "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997).

The first factor—the impeachment value of the conviction—weighs in favor of admission. The crimes of burglary and theft are considered crimes of dishonesty or falsehood and are likely to indicate the veracity of a witness's testimony. *See*, *United States v. Smith*, 80 F.3d 1186, 1193 (7th Cir. 1996). The second factor—the point in time of conviction and the defendant's subsequent

3

history—weighs in favor of admission. The Court has already determined that Kemp's prior convictions are within ten years from his releases from confinement to the commencement of the current offenses. The prior convictions happened relatively close in time to the events charged here, making them more relevant in evaluating Kemp's veracity.

The third factor—the point in time of conviction and the defendant's subsequent history—also weighs in favor of admission. Burglary and theft are not so similar to robbery to create a risk that a jury will improperly consider the evidence of thefts and burglaries as evidence of the robberies. *See*, *United States v. Pritchard*, 973 F.2d 905, 909-910 (11th Cir. 1992).

The fourth factor—the importance of the defendant's testimony, *i.e.* whether Kemp would avoid testifying because of the admission of the prior conviction—weighs slightly in favor of exclusion. The admission of prior convictions "tends to deter a defendant from testifying; there is an understandable fear that jurors will disregard any limiting instructions that the Court gives and will assume that because the defendant has committed crimes in the past, he likely committed the charged crime." *United States v. Smith*, 181 F. Supp. 2d 904, 910 (N.D. Ill. 2002).

The fifth factor—the centrality of the credibility issue—weighs in favor of admission of the evidence. In the event that Kemp testifies, his credibility will be central to his defense. The Government intends to elicit testimony from four cooperating defendants and corroborating evidence of cell connection data from two cell phones allegedly belonging to Kemp. Anything that bears on Kemp's credibility will be relevant, and the prior convictions have probative value.

When balancing the factors at this stage of the proceedings, the Government has established that the probative value of Kemp's prior convictions outweighs any unfair prejudice, and the Court **grants** the Motion in *Limine*.

### III. CONCLUSION

An order in *limine* is not a final, appealable order. If during the course of the trial, counsel believe this ruling should be altered, counsel may approach the bench and request a hearing outside the presence of the jury. The Government's Motion in *Limine* to admit evidence of Kemp's four prior convictions, solely for impeachment purposes and subject to appropriate limiting instructions, ([Filing No. 486](Filing No. 486)), is **GRANTED**.

**SO ORDERED**.

Dated: 7/18/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard Mark Inman
ATTORNEY AT LAW
markinman13@aol.com

Brian K. Darling
BRIAN K. DARLING
confederateyankeester@gmail.com

David S. Mejia
DAVID MEJIA LAW OFFICE
david@dmejialaw.com

Armand I. Judah
LYNCH, COX, GILMAN & GOODMAN, P.S.C.
ajudah@lynchcox.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE – Evansville
pamela.domash@usdoj.gov